UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 5:24-CV-00241-KKC

ABNER J. KNOX                                                                                           PLAINTIFF

v.                                               **OPINION AND ORDER**

BO KAPLAN and                                                                                       DEFENDANTS
LAKESHORE LEARNING MATERIALS, LLC

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendants Bo Kaplan and Lakeshore Learning Materials, LLC[1] motion to dismiss for failure to state a claim (DE 10) and Plaintiff Abner Knox's motion for summary judgment (DE 6). For the following reasons, the Court will grant Defendants' motion and deny Knox's motion.

I. **Factual background**

Knox was employed by Lakeshore Learning Materials, LLC. He alleges that while working there, a coworker spoke to him in a derogatory manner. After that interaction, Knox reported the comment to a supervisor, but claims his report was not taken seriously. Later, Knox claims a supervisor "rolled his finger" at him. After these events, Knox would not work in the

---

[1] Plaintiff's complaint named "Lakeshore Learning Materal" as a defendant. In their motion to dismiss, Defendants asserts that the correct name of this defendant is Lakeshore Learning Materials, LLC. Accordingly, the caption of this opinion identifies the defendant as Lakeshore Learning Materials, LLC. The Court will direct the Clerk of the Court to make that substitution on the docket.

same department as the coworker who made the derogatory comment and later resigned. After filing a charge with the EEOC, Knox received a right-to-sue letter and has filed this lawsuit pro se. Defendants have moved to dismiss the lawsuit, while Knox has moved for summary judgment. Knox has not responded to the motion to dismiss.

II.     Analysis

A complaint must set forth a "short and plain statement of the claims showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to infer more than a mere possibility of misconduct. *Id.* at 679. Mere labels and conclusions will not suffice. *Id.* A court must accept as true all factual allegations in the Complaint, but it does not presume that legal conclusions couched as factual allegations are true. *Twombly*, 550 U.S. at 555.

Knox mentions defendant Kaplan only in the caption of his complaint. Kaplan is not mentioned anywhere else in the complaint. Because Knox fails to sufficiently allege any wrongdoing committed by Kaplan, any claims against him are dismissed.

As to Lakeshore, Knox brings claims under the Equal Pay Act of 1963 (EPA), Title VII, and the Americans with Disabilities Act (ADA). (DE 1 Complaint 3). Defendants move to dismiss these claims, arguing that Knox has failed to allege facts sufficient to support them.

To establish a wage discrimination claim under the EPA, Knox must allege facts from which it can be fairly inferred that "an employer pays different wages to employees of opposite

sexes' for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Corning Glass Works v. Brennan,* 417 U.S. 188, 195 (1974) (internal quotations and citation omitted). Knox has failed to plead a wage discrimination claim under the EPA because his complaint contains no factual allegations of wage discrimination at all. This claim must be dismissed.

As to Knox's ADA claim, before filing such a claim in federal court, a plaintiff must file a timely charge with the EEOC and obtain a right-to-sue letter. *Mayers v. Sedgwick Claims Mgmt. Servs., Inc.*, 101 F. App'x 591, 593 (6th Cir. 2004). Failure to exhaust administrative remedies in this way is an appropriate basis for dismissal of an ADA claim. *Id*. Knox's EEOC charge makes no mention of an ADA claim or of discrimination based on a disability. (DE 1-1 Attachments 9.) Accordingly, his ADA claim must be dismissed.

Lastly, Knox brings a claim under Title VII. In his complaint, Knox complains of wrongful termination, failure to promote, unequal terms and conditions of employment, and retaliation. (DE 1 Complaint 4). The factual allegations in Knox's complaint are not entirely legible. As to wrongful termination, he states he resigned from his job in his EEOC charge, which he attaches to the complaint. (DE 1-1 Attachments 10). Because Knox was not terminated, he cannot state a Title VII claim based on wrongful termination.

Knox also fails to put forth any factual allegations that Lakeshore did not promote him, nor does he make any allegations of retaliation or unequal conditions of employment. Accordingly, this Court reads Knox's Title VII claim to be based on assertions of a hostile work environment and constructive discharge.

A plaintiff asserting a Title VII hostile work environment claim must allege facts from which it can be fairly inferred that the "workplace is permeated with discriminatory intimidation,

ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir.) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)). Allegations of "'offhand comments[] and isolated incidents (unless extremely serious)' do not suffice." *Id*. at 841 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

To allege constructive discharge, a plaintiff must plead facts from which it can be fairly inferred that (1) the employer deliberately created intolerable working conditions, as perceived by a reasonable person, and (2) the employer did so with the intention of forcing the employee to quit. *Logan v. Denny's, Inc*., 259 F.3d 558, 568-69 (6th Cir. 2001).

Knox's claims are based on four main allegations: (1) a coworker told Knox, "Boy[,] get your ass over there and get to work";  (2) Knox reported this statement, and states that nothing was done to correct it;  (3) A supervisor "rolled his finger" at Knox; and (4) Knox was asked to work with the coworker who made the derogatory statement. (DE 1-1 Attachments 1-5). Taking Knox's allegations as true, he has not pleaded facts from which it could be fairly inferred that he suffered anything more than offhand comments and isolated incidents. He has failed to plead intolerable working conditions or an abusing working environment. Accordingly, he has failed to state a Title VII claim based constructive discharge or hostile work environment.

### III.    Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1) The Clerk of the Court is DIRECTED to substitute Lakeshore Learning Materials, LLC as the defendant in this action instead of Lakeshore Learning Material.

2) Defendants' motion to dismiss for failure to state a claim upon which relief can be granted (DE 10) is GRANTED;

3) all claims against Bo Kaplan and Lakeshore Learning Materials, LLC are DISMISSED with prejudice.

4) Abner Knox's motion for summary judgment (DE 6) is DENIED as moot.

July 30, 2025

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY